UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMES OSHIRO, | |
| Plaintiff, | CASE NO. C09-5576RJB |
| v. | REPORT AND RECOMMENDATION |
| MICHAEL J. ASTRUE, Commissioner of Social Security Administration, | Noted for April 23, 2010 |
| Defendant. | |

This matter has been referred to Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Magistrates Rule MJR 4(a)(4) and as authorized by <u>Mathews, Secretary of H.E.W. v. Weber</u>, 423 U.S. 261 (1976). This matter has been fully briefed. After considering the record, the undersigned recommends that the Court affirm the administrative decision.

INTRODUCTION AND PROCEDURAL HISTORY

The ALJ's decision that plaintiff is capable of being employed as a housekeeper, car cleaner, or garment sorter is not necessarily inconsistent with the testimony of examining psychiatrist, Mark R. McClung, M.D., who concluded that plaintiff was capable of performing

REPORT AND RECOMMENDATION - 1

"light manual or custodial work." It is not the function of this court to re-weigh the evidence and the ALJ's conclusions are consistent with a vast amount of additional evidence that plaintiff remains capable of performing substantial gainful activity existing in the national economy. Therefore, the ALJ's decision should be upheld.

Plaintiff James Oshiro was born in 1955. Tr. 33. Plaintiff was nearly 53 years old on the date of the ALJ's decision. Tr. 24, 26. He has a high school education, and served in the U.S. Army for approximately eight years. Tr. 24, 38. For fourteen years plaintiff worked as a janitor for the U.S. Postal Service. Tr. 40. Plaintiff was declared unable to continue to work as a janitor on or about September 7, 2005 because of his inability to focus, and officially terminated in July 2006. Tr. 40-41.

On March 1, 2006, plaintiff filed an application for Disability Insurance Benefits and Supplemental Security Income benefits. Tr. 9. This application was denied initially and upon Reconsideration, and a hearing request was timely filed. Tr. 9.

After initial denial, the matter was assigned for further review by an ALJ, who conducted a hearing on August 20, 2008. Tr. 27-62. At the hearing the ALJ took testimony from plaintiff and a vocational expert.

On October 1, 2008, the ALJ issued her decision, finding that plaintiff was not entitled to disability benefits. Tr. 18-25. The ALJ found that plaintiff had severe impairments, including bipolar disorder, personality disorder, alcohol abuse in questionable remission, and diabetes mellitus. However, the ALJ further found that plaintiff retained the ability to perform light to medium work with certain restrictions to accommodate plaintiff's mental impairments. Tr. 20-24. Based on the testimony of the vocational expert, the ALJ concluded that plaintiff was not disabled because he was able to perform several different jobs within the national economy during the relevant time period. Tr. 24-25.

REPORT AND RECOMMENDATION - 2

Plaintiff appealed the ALJ's decision to the administration's Appeals Council, but his request for review was denied. Tr. 1-5. Accordingly, the ALJ's decision is the final administrative decision, subject to judicial review. 20 C.F.R. §§ 404.981, 422.210.

On September 15, 2009, plaintiff filed the instant Complaint with the court. Plaintiff challenges the ALJ's decision, raising one claim in his Opening Brief (Doc. 10): whether the ALJ erred in rejecting the opinion of Mark R. McClung, M.D.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. Bayliss v. Barnhart, 427 F.3d 1211, 1214 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 201 (1971); Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir.1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir.1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. Id.

Plaintiff bears the burden of proving that he is disabled within the meaning of the Social Security Act (the "Act"). Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir. 1999). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment that has lasted, or is expected to last, for a continuous period of not less

REPORT AND RECOMMENDATION - 3

than twelve months.  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  Plaintiff is disabled under the Act only if his impairments are of such severity that he is unable to do his previous work, and cannot, considering his age, education, and work experience, engage in any other substantial gainful activity existing in the national economy.  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); Tackett v. Apfel, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

## **DISCUSSION**

Plaintiff argues that the ALJ accepted the opinion of Dr. McClung but did not include all of Dr. McClung's limitations in her assessment of plaintiff's residual functional capacity.  As noted above, although the ALJ must assist in developing the record, plaintiff has the burden of proof.  Armstrong v. Comm'r of Social Security, 160 F.3d 587, 589 (9th Cir. 1998).  Here, the ALJ properly developed the record, but plaintiff did not present sufficient evidence to support the argument that he is unable to perform the physical requirements of medium level work.

Dr. McClung, a psychiatrist, examined plaintiff on two occasions during 2005 and 2006 at the request of the U.S. Postal Service to determine plaintiff's mental fitness for his job as a janitor.  Tr. 233-37.  In September 2005, Dr. McClung concluded that plaintiff had a history of bipolar disorder and substance abuse.  Dr. McClung was highly suspicious that plaintiff was malingering.  Tr. 236.  Dr. McClung believed that plaintiff was highly motivated to present himself as ill, rather than irresponsible, because plaintiff wanted to obtain financial compensation for these perceived illnesses.  Tr. 236.  At that time, Dr. McClung recommended at least a three-week absence from work, but Dr. McClung concluded that plaintiff otherwise had no mental limitations that would affect his ability to work unless he continued to abuse substances or experienced medication side effects.  Tr. 236.

After a follow-up examination in January 2006, Dr. McClung reported that plaintiff's condition had not changed, and that plaintiff continued his non-compliance with medication and

REPORT AND RECOMMENDATION - 4

treatment. Tr. 234. Dr. McClung concluded that plaintiff could not return to full duty work in the near future. Tr. 234. Dr. McClung opined that plaintiff could perform "light manual or custodial work" but that he had to be able to work inside and outside, and be in more than one building. Tr. 233. Presumably, these restrictions would alleviate plaintiff's reported problems with claustrophobia and paranoia. See Tr. 234. Dr. McClung added that plaintiff's abilities would only hold true if he complied with his mental health treatment and abstained from alcohol. Tr. 233.

Here, plaintiff argues the ALJ did not include Dr. McClung's limitation to "light manual or custodial work" in her assessment of plaintiff's residual functional capacity. The undersigned is not persuaded by this argument.

First, this case does not involve issues regarding plaintiff's physical impairments. Although plaintiff initially was evaluated for diabetes and the ALJ found that this was a severe impairment, Tr. 11, the ALJ found that plaintiff's diabetes does not meet the level of severity required by Section 9.08 of the listings and that plaintiff, therefore, was not physically disabled. Tr. 12. The ALJ did not assign any exertional limitations due to plaintiff's diabetes. Tr. 11-24. Plaintiff does not challenge the ALJ's step-two and step-three findings. Plaintiff claims the ALJ's residual functional assessment is flawed because she did not incorporate, Dr. McClung's, comment that plaintiff was only physically capable of performing "light manual or custodial work".

Initially, the court notes that the ALJ's decision is not necessarily inconsistent with Dr. McClung's one-sentence conclusion contained in his second report. Tr. 233. While plaintiff concludes that Dr. McClung was of the opinion that plaintiff could only perform "light" work, Dr. McClung's comment could also be read to conclude that he could perform "light manual" work or "custodial" work, which may or may not be considered "light." In any event, plaintiff

REPORT AND RECOMMENDATION - 5

did not clarify what Dr. McClung meant by his one sentence conclusion and the rest of Dr. McClung's conclusions are completely consistent with the ALJ's decision.

Additionally, the record, overall, supports the ALJ's residual functional assessment that plaintiff is capable of performing medium level work, with certain restriction to accommodate his mental impairments.  It is clear that plaintiff's janitorial work was medium level work, as defined in 20 C.F.R. § 404.1567(c).  When asked by the ALJ about the physical requirements of the job, plaintiff described his ability to lift five-gallons of floor finish and his other duties.  Tr. 54-55.  When asked by the ALJ why he was no longer able to perform this work plaintiff stated that he was unable to focus and complete tasks in a timely manner and that he was having issues with his medications (for mental health and diabetes).  Tr. 40-45.  Plaintiff did not describe or present any sufficient evidence that he is physically unable to perform his past work as a janitor.

Second, the ALJ properly addressed Dr. McClung's limitations when she questioned the vocational expert at the administrative hearing.  The ALJ presented two hypotheticals to the vocational expert.  The first hypothetical included a person who was limited to medium work and certain restrictions to accommodate plaintiff's mental impairments (a hypothetical not necessarily inconsistent with Dr. McClung's second report).  Tr. 56-57.  Because of the limitations to simple, repetitive tasks and limitations in concentration, persistence and pace, the vocational expert stated the hypothetical person would not be able to perform plaintiff's past work.  Tr. 56-57.  The vocational expert explained that plaintiff's past work was categorized as "semi-skilled," which is beyond simple, repetitive tasks.  Tr. 57.  The vocational expert further testified that the hypothetical would still be able to perform work as a cleaner, housekeeper, car cleaner, or garment sorter.  Tr. 57-58.

REPORT AND RECOMMENDATION - 6

In a second hypothetical the ALJ asked the vocational expert to specifically assume Dr. McClung's limitations to accommodate plaintiff's mental impairments. Tr. 58-59. The vocational expert stated that the hypothetical person would still be able to perform work as a car cleaner and a housecleaner, if the job allowed the person to move to different rooms. Tr. 60.

The ALJ relied upon the testimony from the vocational expert when she concluded that if plaintiff could perform a full range of medium work, plaintiff retained the ability to work as a housekeeper, car cleaner, or garment sorter. Tr. 25. Alternatively, the ALJ stated that if plaintiff was limited as Dr. McClung opined, including the limitation to "light manual or custodial work in a setting where he could work both inside and outside, or where he could be in more than one building", plaintiff would be able to perform work as a car cleaner. Id.

The ALJ properly found plaintiff capable of the physical demands of medium level work. Also, argumentatively, Dr. McClung's statement indicates plaintiff is capable of performing custodial work, which, as noted above, is classified as medium level work.

Regardless, the conflict in the medical opinion regarding what level of physical work plaintiff is capable of performing is irrelevant. The ALJ properly evaluated this matter on the basis of plaintiff's mental impairments. As discussed above, plaintiff's physical abilities were not an alleged impairment to his ability to work. Plaintiff bears the burden of producing evidence of impairments that would prevent him from working. The unsupported and ambiguous comment from a psychiatrist, included in a mental evaluation, is insufficient evidence to upset the ALJ's decision.

## **CONCLUSION**

Based on the foregoing discussion, the Court should affirm the administrative decision. Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the

REPORT AND RECOMMENDATION - 7

parties shall have fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on April 23, 2010, as noted in the caption.

DATED this 29th day of March, 2010.

*/s/ J. Richard Creatura*

J. Richard Creatura
United States Magistrate Judge

REPORT AND RECOMMENDATION - 8